CASE 99—PETITION ORDINARY—DECEMBER 8.

# Kentucky Central Railroad Company v. Commonwealth.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

EXEMPTION FROM TAXATION.—A provision in the charter of a railroad company regulating the mode of assessing its property, and thus exempting it from the general law applicable to other railroad companies, confers a mere personal privilege not transferable by sale or succession. And where a railroad company, whose charter confers such a privilege, sells to another company its property and franchises, an act of the Legislature investing the purchasing corporation " with all the powers, privileges, rights, immunities and franchises " of its vendor, does not confer upon it the privilege possessed by its vendor as to the assessment of its property.

HALLAM & MYERS FOR APPELLANT.

Where there is an exemption from taxation in the charter of a railroad company, whose franchises and property are subsequently transferred to another company, the exemption continues for the benefit of the new company. (Cooley on Taxation, 165; Johnson v. Commonwealth, 7 Dana, 343; E., H. & N. R. R. Co. v. Commonwealth, 9 Bush, 439; Bradley v. McAtee, 7 Bush, 673; Applegate v. Earnst, 3 Bush, 630.)

P. W. HARDIN FOR APPELLEE.

The provisions of a charter exempting a corporation from taxation, or limiting the amount of tax to be paid, is a personal privilege that can

not be transferred to another corporation. (Burroughs on Taxation, 116; L. C. & L. R. R. Co. v. Commonwealth, 10 Bush, 47, Tucker v. Ferguson, 22 Wall., 275.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment rendered in two actions tried together, which the Commonwealth of Kentucky instituted against the Kentucky Central Railroad Company, to recover the amount of taxes alleged to be due and unpaid for the years 1884-5-6, according to returns made by the officers of the company to the Auditor of Public Accounts of the State, and the valuation made by the Board of Equalization, as provided by an act approved April 3, 1878, entitled "An act to prescribe the mode of ascertaining the value of the property of railroad companies for taxation, and for taxing same."

As appears from a copy of the returns made to the Auditor, the defendant owns and operates, as part of its system, the following roads: The Covington and Paris road; the Maysville and Lexington road, Southern and Northern Division; Paris and Livingston road, and the Richmond Branch of the Louisville and Nashville road.

We think there is no room for controversy about the liability of the defendant to pay taxes in some mode upon all of those roads; for it not only controls, has the possession, and operates each one of them, but they were all returned to the Auditor as subject to taxation; and the only question is as to the mode in which they ought to be taxed, and the amount of taxes the company is liable for.

In 1847 the Licking and Lexington Railroad Compa-

ny was incorporated, with the right to construct a road from Covington to Lexington, it being provided in the charter that a tax of twenty-five cents on each share of stock of fifty dollars, owned and held by any stockholder, should be annually paid into the State Treasury by the president and directors of the company.

In 1849, by amendment to the charter, the name of the corporation was changed to "Covington and Lexington Railroad Company." And March 3, 1851, an act was passed farther amending, section 4 of which is as follows: "That on the first day of January next after the first declaration of dividends on the capital stock of said railroad company, and on every first day of January thereafter, it shall be the duty of the president and directors of said company to pay into the treasury of the Commonwealth a tax on each one hundred dollars' worth of stock in said railroad company, equivalent to the rate of tax on each one hundred dollars' worth of property for State revenue, and no more, and resident stockholders shall not list their stock in said company for revenue tax, nor be liable to payment of tax on the same in any other mode whatever."

But February 22, 1871, "An act to incorporate the Kentucky Central Railroad Company" was passed, the first section of which is as follows: "That Geo. H. Pendleton, John W. Stevenson, Wm. Ernst, J. C. Gedge, G. Bowler and E. H. Pendleton, their associates and successors, be, and are hereby, created a body-corporate and politic, under the name and style of the Kentucky Central Railroad Company, for the purpose of operating the Covington and Lexington Railroad, *of*

*which they are the owners by purchase, under judg-
ment and order of sale of the Fayette Circuit Court,*
and shall have, and are hereby invested with all the
powers, privileges, rights, immunities and franchises,
subject to the restrictions and limitations contained in
the original charter of incorporation authorizing the
construction of said railroad, and the various acts
amendatory thereof: *Provided,* Nothing in this act
shall be held to subject the said powers, rights, im-
munities and privileges purchased under judgment
and order of sale of the Fayette Circuit Court, and
hereby vested in the corporation by this act created,
to the operation of the act, entitled 'An act reserving
the right to amend or repeal charters or other laws,'
approved February 14, 1856, but the same are ex-
empted therefrom, etc."

It is contended that, according to a proper construc-
tion of section 4 of the act of April 3, 1851, quoted,
the defendant is not liable to pay taxes on the stock
according to its face, but only according to its actual
value.    But it is not material how that section should
be construed, unless it be determined that the Ken-
tucky Central Railroad Company, in virtue of its pur-
chase at the judicial sale mentioned, and of the act of
incorporation passed in 1871, is exempt from the
operation of the act of April 3, 1878, applicable to
railroad companies generally.

It appears that at the time the property of the Coving-
ton and Lexington Railroad Company was sold under
the judgment mentioned, it had constructed and was
operating under its charter only so much of the road
it was authorized thereby to build as extended from

Covington to Paris, where it connected with the Maysville and Lexington road, which was constructed and operated under the charter of another corporation. And all the other roads reported to the Auditor as owned and controlled by the Kentucky Central Railroad Company have been constructed or acquired by it since 1871. We therefore think no part of the system belonging to the defendant, if any at all, is exempt from the general law prescribing the mode of assessing and taxing railroad property in the State, unless it be that portion between Covington and Paris, and it was so decided by the lower court. (Louisville, Cincinnati & Lexington Railroad Company v. Commonwealth, 10 Bush, 43.)

There are two propositions of law which have been so often announced by this court and by the Supreme Court of the United States, and are so just and necessary to the sovereignty and dignity of the State and the general welfare, that they can not be now called in question. The first is, that immunity from taxation is a mere personal privilege pertaining alone to the corporation or natural person originally invested by the Legislature with it, and, as a consequence, not transferable by sale or succession.

Second, that the taxing power of a State is never presumed relinquished, unless the intention of the Legislature to relinquish is declared in clear and unambiguous terms. (Morgan v. Louisiana, 93 U. S., 221; Willson v. Gaines, 103 U. S., 417; L. & N. R. R. v. Palmes, 109 U. S., 250; Memphis R. R. Co. v. Commissioners, 112 United States, 617; E., H. & N. R. R. v. Commonwealth, 9 Bush, 439; L., C. & L. R. R. v.

Commonwealth, 10 Bush, 43 ; Commonwealth, &c., v. Masonic Temple Company, *ante*, p. 349.)

This is, it is true, not a case where entire immunity from taxation is claimed, but it does involve the claim by one corporation of exemption from the mode provided by a general law of assessing and taxing the property of similar corporations, whereby it will be practically relieved of paying its fair and equal share of taxes. And, in our opinion, the same principle is involved, and the same rule of construction should be applied in this case, as if the claim was for entire exemption from taxation.

In fact, while under certain conditions an exemption may be granted, we do not know upon what principle a corporation, the power to tax it being conceded, can claim an exemption from tax laws made applicable to all other similar corporations, and a consequent invidious preference to it in respect to the amount imposed.

The Kentucky Central Railroad Company did not acquire by its purchase at the judicial sale the privilege now claimed, which is in its nature partial and exclusive, nor does the language used in the act of incorporation passed in 1871 clearly and in express terms confer it. For the terms used in that act import nothing more than the rights, privileges and immunities usually granted, and such as are necessary to the corporate existence and ordinary conduct of the business of railroad companies ; certainly the language used does not clearly express an intention to grant to the company the extraordinary and exclusive privilege of exemption from conditions and burdens imposed

upon railroad companies generally, and which are deemed necessary for the support of the government.

In our opinion, section 4 of the act of March 3, 1851, intended alone to regulate the mode of assessing the property of the Covington and Lexington Railroad Company, which no. longer exists, is now obsolete,. and the Kentucky Central Railroad Company is subject to the general law applicable to other railroad companies in the assessment and collection of. taxes, and the lower court consequently erred in fixing the amount of taxes due from it upon the basis of an assessment of stock.

Wherefore, the judgment is affirmed on the appeal, and reversed on the cross-appeal of the Commonwealth of Kentucky, and remanded for further proceedings consistent with this opinion.